UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

CARLOS COREA-SALGADO,

Petitioner,

v.

WARDEN ADELANTO ICE PROCESS CTR, et al.,

Respondents.

No. 5:26-cv-04218-JDE

ORDER REGARDING PETITION

## I.

## PROCEEDINGS

On July 28, 2026, Carlos Corea-Salgado ("Petitioner"), through counsel, filed a Petition for Writ of Habeas Corpus challenging his detention by immigration authorities. Dkt. 1 ("Petition" or "Pet."). Petitioner seeks his release under an order of supervision; a stay of removal from this district and the United States while this Petition is pending; and a declaration that his detention is unlawful. Id. at 11.

On August 3, 2026, Petitioner filed nearly identical Emergency Ex Parte Applications for Temporary Restraining Order & Stay of Removal, seeking an order enjoining Respondents from transferring him outside the jurisdiction of

this district and removing him pending final resolution of the Petition. Dkt. 11-12 ("TRO Application"). Respondents filed an Answer on August 4, 2026. Dkt. 13 ("Ans."). Petitioner filed a Reply on August 5, 2026. Dkt. 15.

For the reasons discussed below, the Petition is granted, in part.

## II.

## BACKGROUND

Petitioner is a native and citizen of Nicaragua. Pet. ¶ 16. He first entered the United States in January 2007 without inspection and was subsequently removed to Nicaragua on February 18, 2007. Ans., Exh. A (Declaration of Miguel Russi ["Russi Decl."]) ¶ 5; id., Exh. B. In March 2022, immigration authorities encountered Petitioner at the Rio Grande Valley Port of Entry, detained him, and reinstated the prior order of removal. Russi Decl. ¶ 6; Ans., Exh. B. Petitioner claimed fear of return to Nicaragua, and he was referred to an asylum officer for a reasonable fear interview. Id. On or about April 18, 2022, the asylum officer determined Petitioner had a positive reasonable fear of return to Nicaragua and issued a Notice of Referral to an Immigration Judge ("IJ") for withholding only proceedings. Russi Decl. ¶ 7; Ans., Exh. B. On or about June 30, 2022, Petitioner was released from custody on an Order of Supervision ("OSUP"). Russi Decl. ¶ 8; Ans., Exh. B.

On May 7, 2025, the IJ ordered Petitioner removed to Nicaragua, but granted him withholding of removal under the Convention Against Torture ("CAT"). Pet., Exh. A. The decision became final when no appeal was filed. Id. ¶ 20. On July 16, 2026, Immigration and Customs Enforcement ("ICE") arrested Petitioner when he appeared for his scheduled ICE check-in. Id. ¶ 21. Petitioner, who does not understand English, was told "his case needed to be reviewed and that he was required to sign a document." As he did not understand the document, Petitioner refused to sign. Id. He claims he was not informed at that time he was to be deported to a third country. Id.

Respondents present evidence that on July 16, 2026, Petitioner was served with a Notice of Revocation of Release and Notice of Removal to Mexico, both of which were in English and Petitioner refused to sign. Ans., Exh. D-E. Respondents also present evidence that an initial informal interview was held on July 16, 2026 "in order to afford [Petitioner] an opportunity to respond to the reasons for revocation of [his] order of supervision stated in the notification letter." Id., Exh. F.

On August 3, 2026, on the same day counsel for Respondents filed a Notice of Appearance (Dkt. 10), Deportation Officer Russi served Petitioner with a Notice of Removal, notifying Petitioner as follows:

> Pursuant to the United States District Court for the Central District of California's General Order 26-05 in section 2241 immigration habeas corpus petitions, this letter serves as a two court days' notification of transfer and removal. You are scheduled for transfer outside the Central District of California on or about 8/8/26, to effectuate your removal to Mexico, in accordance with a Final Order of Removal issued on March 18, 2022.

Ans., Exh. G ("Notice"). Although this Notice acknowledges General Order 26-05, Respondents did not provide this Notice to Petitioner's counsel of record or the Court as required by General Order 26-05. See TRO Application, Declaration of Andrew J. Vazquez ("Vazquez Decl.") ¶ 7.

## III.

## DISCUSSION

A petitioner seeking habeas relief must demonstrate that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). The protections of habeas corpus extend to those in immigration detention. See Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020); Nadarajah v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006).

"[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." Lopez-Marroquin, 955 F.3d at 759.

Petitioner contends that Respondents violated his due process rights by detaining him without statutory authority and beyond the presumptively reasonable six-month limit set forth in Zadvydas v. Davis, 533 U.S. 678 (2001) and their attempt to unilaterally execute removal to an alternate country without reopening proceedings before an IJ violates 8 C.F.R. § 1003.23(b)(1), Immigration and Nationality Act ("INA") § 241(b)(3)(C), 8 U.S.C. § 1231(b)(3)(C), and the Fifth Amendment. Pet. at 10.

Petitioner maintains "there is no direct statutory authority to detain [him] post-removal period once he was released into the community under supervision." Pet. ¶ 30. To the extent Petitioner contends Respondents lacked authority to detain him pending removal by virtue of the fact that the 90-day removal period had expired, the Court finds this argument unpersuasive. Petitioner cites no Supreme Court or Ninth Circuit authority establishing that the government lacks authority to detain a noncitizen for purposes of removal if Petitioner was not detained during the 90-day removal period. That Petitioner was not detained during that period does not itself bar immigration officials from executing a removal order. "[T]he government's failure to detain the Petitioner during the removal period or immediately thereafter does not eliminate the Government's ability to detain Petitioner for the purpose of enforcing that removal order at this time." Piao v. Lyons, 2025 WL 3046783, at *2 (E.D. Va. Oct. 31, 2025); Lin v. United States, 2007 WL 951618, at *3 (S.D. Tex. Mar. 28, 2007) (holding "there is nothing in § 1231 to indicate that the Attorney General cannot enforce those removal orders 'late'").

Petitioner further contends that because his removal to Nicaragua is barred by law and no alternative country has been designated by the IJ,

Petitioner's removal is not reasonably foreseeable. Pet. ¶ 35. However, as Mexico has been identified and Respondents are prepared to remove Petitioner to Mexico, the Court cannot find, at this time, his removal is not reasonably foreseeable such that immediate release would be warranted.

Nonetheless, while the government has authority to remove Petitioner, and the authority to remove necessarily implies the authority to detain Petitioner to effectuate the removal, this does not mean that the government may re-detain Petitioner without providing certain procedural due process protections. In this case, Respondents re-detained Petitioner for the purpose of removing him to a country that was not identified in the removal order. When a noncitizen is ordered removed from the United States, an immigration judge must identify a removal country. See Hadera v. Gonzales, 494 F.3d 1154, 1156 (9th Cir. 2007). "Where the [g]overnment cannot remove a noncitizen to the country specified in their removal order, it may attempt to remove that person to a third country, but it must comply with both the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(b), and the Due Process Clause." Quach v. Mullin, 2026 WL 2126433, at *4 (C.D. Cal. July 21, 2026); see also Kumar v. Wamsley, 817 F. Supp. 3d 1059, 1065 (W.D. Wash. Nov. 17, 2025). "[T]hird-country removals are subject to the same mandatory protections that exist in removal or withholding-only proceedings." Garcia v. Janecka, 2026 WL 1465140, at *5 (C.D. Cal. May 22, 2026) (citation omitted); Kumar, 817 F. Supp. 3d at 1065. The INA prohibits ICE from removing a noncitizen to any country where their "life or freedom would be threatened . . . because of [their] race, religion, nationality, membership in a particular social group, or political opinion." Kumar, 817 F. Supp. 3d at 1065 (quoting 8 U.S.C. § 1231(b)(3)(A)). Under the Foreign Affairs Reform and Restructuring Act of 1998, which codified CAT protections, a noncitizen may not be removed to a country where they would be tortured. Id. Thus, the government must provide

sufficient notice and a meaningful opportunity for the noncitizen to present any claim of fear of persecution or harm upon removal to a third country. See Garcia, 2026 WL 1465140, at *5; Quach, 2026 WL 2126433, at *4; Ramos v. Noem, 2026 WL 303536, at *6 (C.D. Cal. Feb. 4, 2026); Aden v. Nielsen, 409 F. Supp. 3d 998, 1018-19 (W.D. Wash. 2019); see also Najjar v. Lynch, 630 F. App'x 724 (9th Cir. 2016) ("In the context of country of removal designations, last minute orders of removal to a country may violate due process if an immigrant was not provided an opportunity to address his fear of persecution in that country."). "Failing to notify individuals who are subject to deportation that they have the right . . . for withholding of deportation to the country to which they will be deported violates both INS regulations and the constitutional right to due process." Garcia, 2026 WL 1465140, at *5 (quoting Andriasian v. INS, 180 F.3d 1033, 1041 (9th Cir. 1999)).

As noted, the IJ ordered Petitioner's removal to Nicaragua, but granted withholding of removal under the CAT. No alternative country was designated or identified in the Notice of Removal. Pet., Exh. A. Petitioner challenges the government's ability to remove him to a third country without reopening the proceedings before the IJ. Respondents do not substantively address this contention or otherwise claim they provided Petitioner meaningful notice and opportunity to be heard on whether he will be subject to persecution or torture in Mexico. Respondents merely claim that third country removals are permissible and authorized by statute. Ans. at 5.

The record reflects that on the day Petitioner was re-detained, Respondents provided him a Notice of Removal that stated, in its entirety: "This letter is to inform you that U.S. Immigration and Customs Enforcement (ICE) intends to remove you to Mexico." Ans., Exh. E. It was purportedly read to Petitioner in Spanish. Id. An informal interview was conducted the same day "so he could respond to the reasons for his revocation of release."

Russi Decl. ¶ 11; Ans., Exh. F. On August 3, 2026, after the Petition was filed, Petitioner was served with the Notice, notifying him in English, even though he cannot read English, that he would be removed to Mexico on or after August 8, 2026. Ans., Exh. G; Vazquez Decl. ¶ 5. Although Petitioner was represented by counsel and despite General Order 26-05, such Notice was not provided to the Court or Petitioner's counsel at that time. Respondents identify no further efforts to provide Petitioner an opportunity to present a fear-based claim of removal to Mexico.

The Court finds that the process provided here was not sufficient to comply with the INA or the Due Process Clause. Merely providing Petitioner a notice of intent to remove him to Mexico and conducting an informal interview by a deportation officer the same day without the benefit of counsel or time to prepare does not comply with the requirements to provide Petitioner meaningful notice and opportunity to be heard on whether he will be subject to persecution or harm in Mexico. Indeed, there is no evidence that Respondents ever advised Petitioner that he had a right to assert a fear-based claim. Absent these protections, any attempt to effectuate Petitioner's removal to Mexico runs afoul of due process. Garcia, 2026 WL 1465140, at *5.

As such, the Court grants the Petition, in part, and enjoins Respondents from removing Petitioner to any third country without first providing him and his counsel with notice and a meaningful opportunity to respond in compliance with the applicable statutory law and due process. See Quiroz-Lara v. Blanche, 2026 WL 2178763, at *4 (C.D. Cal. July 27, 2026) ("Petitioner is entitled to written notice and a meaningful opportunity to respond in reopened removal proceedings under 8 U.S.C. § 1231(b)(3) before any attempted third-country removal."); Quach, 2026 WL 2126433, at *5 ("Many courts have held that if a noncitizen claims fear of removal to a designated third country, the Government must allow them to pursue withholding of removal through

reopened removal proceedings before an immigration judge."). "To comply with due process, this opportunity must include 'a full and fair hearing, an impartial decisionmaker, and evaluation of the merits of his . . . particular claim." Jimenez v. Mullin, 2026 WL 1455385, at *9 (C.D. Cal. May 18, 2026) (quoting Aden, 409 F. Supp. 3d at 1010) (enjoining respondents from removing petitioner to any third country without first providing him and his counsel with notice and a meaningful opportunity to respond in reopened removal proceedings in compliance with the applicable statutory law and due process); Bedrosian v. Noem, 2026 WL 2138135, at *6 (C.D. Cal. May 20, 2026) (enjoining respondents from attempting or effectuating petitioner's removal unless they first provide him with meaningful notice followed by a meaningful opportunity of at least ten days following notice to raise a fear-based claim before an immigration judge or any other applicable legal claim).

**IV.**

**ORDER**

IT IS THEREFORE ORDERED that (1) the TRO Application (Dkt. 11, 12) is DENIED as moot; and (2) Judgment shall be entered:

a. granting the Petition, in part, as follows:

i. Respondents are ENJOINED from removing **Petitioner Carlos Corea-Salgado (A# 099-631-350)** to Mexico or any other third country UNLESS AND UNTIL Respondents have provided Petitioner a meaningful opportunity to present a claim of fear of persecution or harm upon removal to Mexico (or any other designated third country) or any other applicable legal claim at a hearing before an immigration judge before such removal, with at least five business days' written notice of such hearing

provided in advance to Petitioner and his counsel, in both English and Spanish; and

ii. if no such proceeding as set forth in paragraph (2)(a)(i), above, is provided within 14 days from the date of this Order, release Petitioner from custody subject to the preexisting OSUP; nothing herein prevents Respondents from providing such a hearing at a later date and reinstituting the removal process after Petitioner's release, if all required process is provided Petitioner; and

(b) denying the Petition in all other respects without prejudice.

Dated: August 6, 2026

JOHN D. EARLY
United States Magistrate Judge